Andrew E. JOHNSON, et al., Plaintiffs,

v.

Sandra MORTHAM, etc.,
et al., Defendants.

No. TCA 94–40025–MMP.

United States District Court,
N.D. Florida,
Tallahassee Division.

May 2, 1996.

As Amended on Grant of
Reconsideration May 24, 1996.

Rod Sullivan, Alan B. Vlcek, P.A., Jacksonville, FL, Pro Hac Vice, Gerald J. Sullivan, Jr., Gerald J. Sullivan, P.A., Jacksonville, FL, for Andrew E. Johnson.

Gerald J. Sullivan, Jr., Gerald J. Sullivan, P.A., Jacksonville, FL, for Harold F. Davis, Arthur Wilson Devoe, Robert Ellison, George Erdel, Sue Hall, Carson Thomas Howes, Jr., Coranell H. Johnson, Jim Lewis, Jim Neill, Tommy Praeter, Charles Romero, Vicki T. Romero, Dana Wine.

Stephen N. Zack, Miami, FL, Pro Hac Vice, Brenda Wright and Jackqueline A. Berrien, Lawyers' Committee for Civil Rights Under Law, Washington, DC, Pro Hac Vice, Gerald B. Curington, General Counsel, House of Representatives, Tallahassee, FL, for Pat Thomas.

Richard A. Hixson, Richard A. Hixson, P.A., Tallahassee, FL, Thomas R. Tedcastle, Florida House of Representatives, House Majority Office, Tallahassee, FL, Stephen N. Zack, Miami, FL, Pro Hac Vice, Brenda Wright and Jackqueline A. Berrien, Lawyers' Committee for Civil Rights Under Law, Washington, DC, Pro Hac Vice, Gerald B. Curington, B. Elaine New, General Counsel, House of Representatives, Tallahassee, FL, for Bolley L. Johnson.

George L. Waas, Attorney General's Office, Department of Legal Affairs, Tallahassee, FL, David Alan Tepper, Department of State, Office of the General Counsel, Tallahassee, FL, for Sandra Mortham.

Brenda Wright, Lawyers' Committee for Civil Rights Under Law, Washington, DC, Pro Hac Vice, Samuel L. Green, Sr., Leonard O'Neal, Glynell Presley, Mary Lawson Brown, Samuel L. Green, Sr.

Rodney G. Gregory, Rodney G. Gregory, P.A., Jacksonville, FL, J. Gerald Hebert, J.

**1542**

Gerald Hebert, P.A., Alexandria, VA, Pro Hac Vice, for Corrine Brown.

Charles G. Burr, Charles G. Burr, P.A., Tampa, FL, for Florida State Conference of NAACP Branches.

Before HATCHETT, Circuit Judge, PAUL, Chief District Judge, and VINSON, District Judge.

### ORDER

BY THE COURT:

■ Defendants and Defendant–Intervenors have moved for a stay of remedial proceedings pending an appeal of this Court's order striking down Florida's Third Congressional District [see *Johnson v. Mortham*, 926 F.Supp. 1460 (N.D.Fla.1996) ]. A stay is "extraordinary relief" for which the moving party bears a "heavy burden" to demonstrate. *Winston–Salem/Forsyth County Bd. of Educ. v. Scott*, 404 U.S. 1221, 1231, 92 S.Ct. 1236, 1241, 31 L.Ed.2d 441 (1971) (Burger, C.J., in chambers). In determining whether a stay should be granted under Rule 62(c) of the Federal Rules of Civil Procedure, a court should consider the following factors: "(1) whether the stay applicant has made a strong showing that he is likely to succeed on the merits; (2) whether the applicant will be irreparably injured absent a stay; (3) whether issuance of the stay will substantially injure the other parties interested in the proceeding; and (4) where the public interest lies." *Hilton v. Braunskill*, 481 U.S. 770, 776, 107 S.Ct. 2113, 2119, 95 L.Ed.2d 724 (1987). A review of these factors in this case weighs heavily against a stay.

First, Defendants and Defendant–Intervenors have not made a strong showing that they are likely to succeed on the merits. As the Court's order sets out in great detail, intervening decisions by the Supreme Court of the United States have demonstrated that the *DeGrandy* court exceeded its limited remedial powers in drawing District Three and in engaging in race-based redistricting under the auspices of the Voting Rights Act. It is highly unlikely that the Supreme Court will now reverse its recent line of jurisprudence and find that District Three satisfies the Equal Protection Clause of the Fourteenth Amendment.

Second, it is questionable whether Defendants and Defendant–Intervenors will be irreparably harmed if a stay is not granted. There is sufficient time to adopt a remedial plan that does not offend the Constitution, while still giving opportunities to the candidates to campaign and the public to consider those candidates.[1] Moreover, the mere administrative inconvenience the Florida Legislature and Florida elections officials will face in redistricting simply cannot justify denial of Plaintiffs' fundamental rights.[2] *See, e.g., Goldberg v. Kelly*, 397 U.S. 254, 266, 90 S.Ct. 1011, 1019, 25 L.Ed.2d 287 (1970). Finally, any harm that Congresswoman Brown herself will suffer as the result of redistricting is insubstantial compared to the harm that others, including the Plaintiffs, will suffer if the redistricting is not promptly effected.

---

1. The motion seems to assume that the candidates' qualifying period runs from May 6, 1996, to May 10, 1996. Although this is the period set out by Section 99.061(1), Florida Statutes, the 1990 amendment adding Section 99.061(8) provides:

   (8) Notwithstanding the qualifying period prescribed by this section, in each year in which the Legislature apportions the state, the qualifying period for persons seeking to qualify for nomination or election to federal office shall be between noon of the 57th day prior to the first primary, but not later than noon of the 53rd day prior to the first primary.

   The statute obviously was intended to provide the candidates and the public additional time during those hectic years when the congressional districts are being redrawn. Thus, even though there may be some technical difference between "reapportionment" and "redistricting," we construe the statute as extending the qualifying deadline to 53 days prior to the first congressional primaries—or a deadline of noon on July 12, 1996. To remove any uncertainty, we exercise our authority to extend the qualifying period for all Florida congressional candidates to the dates specified in Section 99.061(8), as set out above. *Connor v. Johnson*, 402 U.S. 690, 692–93, 91 S.Ct. 1760, 1762, 29 L.Ed.2d 268 (1971).

2. In fact, the *DeGrandy* court had even less time to adopt a remedial plan before the impending elections in 1992.

Third, Plaintiffs will suffer significant and irreparable injury if the stay is granted. Deprivation of a fundamental right, such as limiting the right to vote in a manner that violates the Equal Protection Clause [*see, e.g., Harper v. Virginia Board of Elections,* 383 U.S. 663, 86 S.Ct. 1079, 16 L.Ed.2d 169 (1966); *Baker v. Carr,* 369 U.S. 186, 82 S.Ct. 691, 7 L.Ed.2d 663 (1962)], constitutes irreparable harm. *Elrod v. Burns,* 427 U.S. 347, 373–74, 96 S.Ct. 2673, 2689–90, 49 L.Ed.2d 547 (1976).

Finally, it is clear that the public interest is best served by denying the stay. In awarding or withholding immediate equitable relief, a court should consider the proximity of a forthcoming election and the mechanics and complexities of state election laws, and should correspondingly apply equitable principles. *See Reynolds v. Sims,* 377 U.S. 533, 585, 84 S.Ct. 1362, 1394, 12 L.Ed.2d 506 (1964). In July of 1994, this Court did not hesitate to deny Plaintiffs' request for a preliminary injunction because the 1994 congressional elections were impending and the qualifying period for federal candidates had closed (*see* Doc. 47). Such is not the situation today. As already discussed, there is sufficient time to ensure that the Plaintiffs' equal protection rights are vindicated, without unduly trampling on the rights of the congressional candidates and the general public.

Accordingly, Defendants' and Defendant-Intervenors' motion for a stay of further proceedings (Doc. 199) is DENIED.

**DONE AND ORDERED.**

HATCHETT, Circuit Judge, dissenting.

For the reasons stated in part VI of my dissent in *Johnson v. Mortham,* 1996 WL 189235 *57 (N.D.Fla. Apr. 17, 1996) (Hatchett, J., dissenting), I would grant defendants and defendant-intervenors' joint application for a stay pending appeal.

Moreover, on December 5, 1995, the Supreme Court heard oral arguments in two cases with voting rights issues bearing directly on the issues this court addressed in this case. The Supreme court's decisions in those cases, *Bush v. Vera,* —— U.S. ——, 115 S.Ct. 2639, 132 L.Ed.2d 877 (1995) and *Shaw v. Hunt,* —— U.S. ——, 115 S.Ct. 2639, 132 L.Ed.2d 878 (1995), are likely to be announced while this court is reviewing proposed plans for the reconfiguration of the congressional districts in the northern portion of Florida or, in the event that this court has to draw a plan, during this court's formulation of congressional districts in the northern portion of Florida. In either event, the Supreme Court's imminent decisions in *Bush* and *Shaw* may adversely impact any proposed or reformulated plan for Florida's northern congressional districts. I would grant the defendants and defendant-intervenors' joint application for stay pending appeal and allow Florida's 1996 congressional elections to proceed under the plan enacted in *DeGrandy v. Wetherell,* 794 F.Supp. 1076 (N.D.Fla.1992). Of course, immediately following the 1996 congressional elections, this court should review any proposed changes to Florida's congressional districts or engage in developing a redistricting plan itself, if necessary.

As it has from the beginning of this litigation, the majority has inserted an issue into this case that the parties have not raised. The majority, without a request from any party, has rendered an opinion on a Florida Statute regarding qualifying dates. With the legislature in session, if qualifying periods are to be changed, that body—elected to do such—should be the body to handle such a matter. In footnote one, the majority states: "To remove any uncertainty, we exercise our authority to extend the qualifying period for all Florida congressional candidates to the dates specified in section 99.061(8), as set out above." Federal courts are courts of limited jurisdiction and are not the general supervisors of state legislatures. Consequently, federal courts are called upon to resolve disputes parties present. No dispute has been presented regarding the qualifying dates for Florida congressional elections. As I have stated throughout these proceedings, the parties should be left to litigate the case. Likewise, the state legislature should be left to function in its usual political ways. More

importantly, in extending the qualifying dates, the majority undermines the very premise it relied upon to decide this case as it previously stated that "principles of federalism and separation of powers" compelled the resolution of this case. *Johnson v. Mortham*, 926 F.Supp. 1460, 1492–93 (N.D.Fla. 1996). The majority is not resolving any "case or controversy" regarding a qualifying date.

For the foregoing reasons, I dissent.

### ORDER

BY THE COURT:

Defendants. Sandra B. Mortham, Florida Secretary of State, James Scott, President of the Florida Senate, and Peter Wallace, Speaker of the Florida House of Representatives, (collectively "state defendants") have moved for reconsideration of that portion of our May 2, 1996, order extending qualifying deadlines (Doc. 211). *See Johnson v. Mortham*, 926 F.Supp. 1540 (N.D.Fla.1996). Their motion is GRANTED.

In footnote 1 of this Court's order of May 2, 1996 (Doc. 203), we recognized that there was some confusion and concern regarding the dates of the congressional qualifying period, and we exercised our authority to extend that qualifying period for all Florida congressional candidates to comport with the dates specified in Section 99.061(8), Florida Statutes. *See Mortham*, 926 F.Supp. at 1542. We took that action only because the regular qualifying deadline of May 10, 1996, was fast approaching and Florida's congressional district boundaries had not been reestablished. That same day, however, the Florida Legislature passed H.B. 2745, which, in addition to redrawing Florida's Third Congressional District,[1] reset the qualifying period for congressional elections. The legislation provides in pertinent part:

Section 8. (1) The qualifying period in 1996 for persons seeking to qualify for election to office as a representative to Congress begins at noon of the Monday occurring 21 days after the first Monday after the date this act becomes law and ends at noon of the ensuing Friday. Persons seeking to qualify by alternative method, or as an independent candidate, or as a minor party candidate may submit petitions until noon of the 7th day preceding the first day of qualifying for the 1996 election to office as a representative to Congress, and signature requirements shall be as provided in section 99.09651, Florida Statutes.

(2) Candidates seeking to qualify by alternative method who submitted the required number of valid signatures to each applicable supervisor of elections by noon April 15, 1996, and satisfied the petition requirements applicable on that date may qualify for any congressional district in the state.

H.R. 2745, 14th Leg., 2d Sess. (1996) (enacted). The act was signed by the Governor on May 21, 1996, becoming law on the same date as Chapter 96–192, 1996 Laws of Florida.

Article I, Section 4 of the United States Constitution provides that "[t]he Times, Places and Manner of holding Elections for Senators and Representatives shall be prescribed in each State by the Legislature thereof. . . ." Moreover, as this Court has previously noted, the Constitution expressly provides for redistricting by states, not the federal courts. *Johnson v. Mortham*, 926 F.Supp. 1460, 1493 (N.D.Fla.1996). *See also Miller v. Johnson*, —— U.S. ——, ——, 115 S.Ct. 2475, 2488, 132 L.Ed.2d 762, 779 (1995), *on remand*, 922 F.Supp. 1556, (S.D.Ga.1995), *probable jurisdiction noted by Abrams v. Johnson*, —— U.S. ——, 116 S.Ct. 1823, 134 L.Ed.2d 928 (1996).

Accordingly, it is hereby

**ORDERED AND ADJUDGED:**

1. The motion by the state defendants for reconsideration of that portion of our May 2, 1996, order extending qualifying deadlines (Doc. 211) is GRANTED.

2. Footnote 1 of our order of May 2, 1996 (Doc. 203) is VACATED and set aside. The

---

**1.** We are very appreciative of the Legislature's diligent efforts in doing so.

qualifying dates shall be as provided for by the State of Florida in Chapter 96–192, 1996 Laws of Florida.

3. Plaintiffs' motion to reset the candidate qualifying dates for congressional elections to July 8 through July 12, 1996 (Doc. 209) is DENIED.

**DONE AND ORDERED.**